RECORD NO.

# 14-1361

In The

# United States Court of Appeals

### For The Second Circuit

## ELIZABETH STARKEY,

*Plaintiff – Appellant*,

**v.**

## G ADVENTURES, INC.,

*Defendant – Third Party Plaintiff – Appellee.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
## AT NEW YORK CITY

## BRIEF OF APPELLEE

John F. Gaffney
HUESTON MCNULTY, P.C.
256 Columbia Turnpike, Suite 207
Florham Park, New Jersey 07932
(973) 377-0200

*Counsel for Defendant – Third Party Plaintiff – Appellee*

## CORPORATE DISCLOSURE STATEMENT AS PER F.R.A.P. RULE 26.1

G Adventures Inc. (a Barbados Company) is a wholly owned subsidiary of Altun Investments Inc. (IBC). (a Barbados entity).

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

CORPORATE DISCLOSURE STATEMENT AS PER F.R.A.P. RULE 26.1 .........i

TABLE OF CONTENTS........................................................ ii

TABLE OF AUTHORITIES ................................................ iii

STATEMENT OF THE ISSUES AND STANDARD OF
REVIEW PRESENTED FOR REVIEW ...................................1

    Statement of the Issues ....................................................1

    Standard of Review...........................................................1

CONCISE STATEMENT OF THE CASE .................................2

SUMMARY OF THE ARGUMENT ........................................4

LEGAL ARGUMENT.............................................................5

    POINT I ............................................................................5

    THIS COURT SHOULD UPHOLD THE DISTRICT COURT'S
    DISMISSAL BECAUSE G ADVENTURES PROVIDED
    REASONABLE NOTICE OF THE FORUM-SELECTION CLAUSE
    TO STARKEY WHO CHOSE NOT TO READ THE TERMS ....................5

    POINT II ...........................................................................13

    THIS COURT SHOULD UPHOLD THE DISTRICT COURT'S
    DISMISSAL BECAUSE STARKEY HAS FAILED TO
    DEMONSTRATE EXCEPTIONAL CIRCUMSTANCES TO BE
    RELIEVED FROM HER CONTRACTUAL DUTY ...................13

CONCLUSION ....................................................................18

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# <u>TABLE OF AUTHORITIES</u>

**<u>Page(s)</u>**

## <u>CASES</u>

Bense v. Interstate Battery Sys. of Am., Inc.,
  683 F.2d 718 (2d Cir. 1982) ...........................................................................5

Calavo Growers of California v. Generali Belgium,
  632 F.2d 963 (2d Cir.1980), <u>cert. denied</u>,
  449 U.S. 1084 (1981) ....................................................................................14

Carnival Cruise Lines v. Shute,
  499 U.S. 585 (1991)................................................................................<u>passim</u>

Effron v. Sun Line Cruises, Inc.,
  67 F.3d 7 (2d Cir 1995) ................................................................7, 8, 11, 14

Elite Parfums, Ltd. v. Rivera,
  872 F. Supp. 1269 (S.D.N.Y. 1995) ...............................................................5

Fteja v. Facebook, Inc.,
  841 F. Supp. 2d 829 (S.D.N.Y. 2012) ....................................................<u>passim</u>

Jalee Consulting Groups, Inc. v. XenoOne, Inc.,
  908 F. Supp. 2d 387 (S.D.N.Y. 2012) .....................................................14, 15

M/S Bremen v. Zapata Off-Shore Co.,
  407 U.S. 1 (1972).......................................................................................6, 13

Paisola v. GAP Adventures, Inc., et al,
  No. 10 Civ. 8920 (PAC)(RLE) (S.D.N.Y. 2012) ....................................16, 17

Phillips v. Audio Active Ltd.,
  494 F.3d 378 (2d Cir. 2007) ...............................................................1, 6, 11

Register.com v. Verio, Inc.,
  356 F.3d 393 (2d Cir. 2004) ....................................................................9, 10

<u>Spataro v. Kloster Cruise, Ltd.</u>,
    894 F.2d 44 (2d Cir. 1990) ............................................................................7

<u>Weiss v. Columbia Pictures Television, Inc.</u>,
    801 F. Supp. 1276 (S.D.N.Y 1992) .............................................................13

## **<u>STATUTE</u>**

28 U.S.C. § 1406 ...........................................................................................3

## **<u>RULE</u>**

Fed. R. Civ. P. 12(c) .....................................................................................1

## STATEMENT OF THE ISSUES AND STANDARD OF REVIEW PRESENTED FOR REVIEW

**Statement of the Issues.**

1.     The District Court correctly concluded that the forum-selection clause was reasonably communicated to Starkey.

2.     The District Court correctly concluded that the forum-selection clause was fundamentally fair.

**Standard of Review.**

The Court of Appeals conducts a *de novo* review of <u>F.R.C.P.</u> 12(c) dismissal based specifically on a forum selection clause. <u>Phillips v. Audio Active Ltd.</u>, 494 F.3d 378, 384 (2d Cir. 2007).

## CONCISE STATEMENT OF THE CASE

Plaintiff/Appellant, Elizabeth Starkey, (hereinafter "Starkey") purchased a ticket from the Defendant/Appellee, G Adventures, Inc., (hereinafter "G Adventures") for a tour of the Galapagos Islands off the coast of Ecuador. Upon purchasing the ticket, Starkey received from G Adventures by e-mail a Gap Adventures Online Booking, a Confirmation Invoice, a Tour Service Voucher, and a Hotel Service Voucher each containing a hyperlink to the "Terms and Conditions" of the parties' contract. Appellate Appendix ("A") [A-27 – A-35]. Each communication Starkey received stated that in purchasing the ticket, she read, understood, and agreed to the contract's "Terms and Conditions" set forth in the attached hyperlink. [A-27 – A-35]. Specifically, the "Terms and Conditions" stated that all matters arising from the tour were within the exclusive jurisdiction of the Ontario and Canadian Courts. Appellee/Respondent Appendix ("R") [R-10, and A-40].

Starkey acknowledged receiving the various communications stating she would be bound by the "Terms and Conditions" included in the hyperlink. [Appellant's Brief ("App.Bf.") App.Bf.-11; A-40]. Despite the language within those communications, Starkey chose not to click on any of the hyperlinks provided and therefore chose not to review the binding "Terms and Conditions." [App.Bf.-11, R-1 – R-11; A-40].

2

On March 27, 2014, the United States District Court for the Southern District of New York ("S.D.N.Y.") granted G Adventures' motion to dismiss the Complaint pursuant to 28 U.S.C. § 1406 on the basis that Starkey filed suit in the wrong forum. [A-38 thru A-47]. Based upon the pleadings and affidavits, the Court dismissed the action for the reasons set forth in the March 27, 2014 opinion of the Honorable Thomas P. Griesa, U.S.D.J. Accordingly, on March 28, 2014 the court filed a Judgment dismissing the matter and closing the case. [A-38 thru A-47].

Judge Griesa's March 27, 2014 opinion held that the hyperlink included in the various communications was in fact a reasonable form of communicating the "Terms and Conditions" of the parties contract. [A-42]. Additionally, the court found that traveling to Canada did not rise to the level of fundamental unfairness necessary to invalidate the contract's forum-selection clause. [A-42].

Furthermore, the court held that since Starkey brought her suit in New York rather than in Canada, Starkey chose to voluntarily ignore the forum-selection clause. [A-45]. For that reason, the court refused to consider any potential timeliness problems that Starkey's choice of forum may have created. [A-45]. The timeliness issue is now moot because on October 23, 2014, plaintiff filed a lawsuit against G Adventures Inc. in the Ontario Superior Court of Justice. [App.Bf.p.-12 (footnote 4)].

S.D.N.Y.'s decision in this case mirrored the general rule wherein forum-selection clauses are regularly enforced including the court's previous decisions holding that a hyperlink is a reasonable form of communicating "Terms and Conditions" of a contract.  [A-42].

## SUMMARY OF THE ARGUMENT

G Adventures provided reasonable notice of the forum-selection clause in not one but a series of electronic communications.  Starkey certified that she received the electronic communications but chose not to read the hyperlink text. Starkey's decision not to read the binding contractual Terms and Conditions does not invalidate the enforceability of the forum-selection clause.

G Adventures is a global travel company operating tours globally.  G Adventures principal place of business is in Toronto, Ontario, Canada as was indicated in the September 6, 2012 Online Booking e-mail to Starkey.  [A-24, A33-35].  The agreement between G Adventures and Starkey included Terms and Conditions that stated Ontario and the Canadian Courts have exclusive jurisdiction over all matters arising out of the ticket agreement.  [R-10].  A Canadian forum-selection clause for a global travel company with a principal place of business in Canada is fundamentally fair. For these reasons, G Adventures respectfully requests this Court affirm the S.D.N.Y.'s March 28, 2014 Judgment dismissing the matter and closing the case.

# LEGAL ARGUMENT

## POINT I

### THIS COURT SHOULD UPHOLD THE DISTRICT COURT'S DISMISSAL BECAUSE G ADVENTURES PROVIDED REASONABLE NOTICE OF THE FORUM-SELECTION CLAUSE TO STARKEY WHO CHOSE NOT TO READ THE TERMS.

The "Applicable Law" section in the subject-contract provided that all matters arising from the Terms and Conditions and Conditions of Carriage were subject to the exclusive jurisdiction of the Ontario and Canadian courts. [R-10 thru R-11]. Based upon the record herein, the S.D.N.Y. held that the various communications G Adventures sent to Starkey reasonably communicated the "Terms and Conditions" of the contract. [A-42]. The S.D.N.Y. relied upon Fteja v. Facebook, Inc., 841 F. Supp. 2d 829, 839 (S.D.N.Y. 2012), where the S.D.N.Y. held a hyperlink was a reasonable form of communicating the "Terms and Conditions" of a contract. [A-42].

Generally, forum selection clauses are enforced. Id. at 833 quoting Elite Parfums, Ltd. v. Rivera, 872 F. Supp. 1269, 1271 (S.D.N.Y. 1995). "Indeed, contractual forum-selection clauses will be enforced unless clearly shown that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. quoting Bense v. Interstate Battery Sys. of Am., Inc., 683 F.2d 718, 721-22 (2d Cir. 1982).

5

Just like the Second Circuit found in <u>Phillips v. Audio Active Ltd.</u>, 494 F.3d 378, 383 (2d Cir. 2007), a plaintiff may think that as the initiator of a lawsuit he is the lord and master of where the litigation will be tried and under what law. But when a contract contains a forum-selection and choice of law clause, like an inflated balloon, the plaintiff suffers considerable loss of altitude. <u>Id.</u> Similarly in this matter, just because Starkey chose to file this action in New York does not negate contractual terms and conditions.

To determine whether the District Court properly dismissed a claim based on a forum-selection clause this Court should employ a four-part analysis as follows:

    (1)    whether the clause was reasonably communicated to the party resisting enforcement.

    (2)    classify the clause as mandatory or permissive, i.e., decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so.

    (3)    whether the claims and parties involved in the suit are subject to the forum-selection clause.

    (4)    whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

[<u>Fteja</u>, 841 F. Supp. 2d 829, 833 <u>quoting</u> <u>Phillips v. Audio Active Ltd.</u>, 494 F.3d 378, 383 (2d Cir. 2007) (<u>quoting</u> <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 15 (1972)).]

Most importantly in this matter, the legal effect of a forum-selection clause depends upon whether its existence was reasonably communicated to the plaintiff. Effron v. Sun Line Cruises, Inc., 67 F.3d 7 (2d Cir 1995) citing Spataro v. Kloster Cruise, Ltd., 894 F.2d 44, 45-46 (2d Cir. 1990) (per curiam).

Here, Starkey alleges that the forum-selection clause was unenforceable because it was not reasonably communicated to her. [App.Bf-12]. Starkey alleges she did not assent to the terms of her ticket because the terms and conditions including the forum-selection clause were provided to her via hyperlink that she chose not to read. [App.Bf.-11].

Starkey's appeal attempts to distinguish the cases relied upon by the S.D.N.Y. Initially, Starkey asserts that the forum-selection clause delivered via hyperlink cannot substitute physical delivery which occurred in Effron, supra. [App.Bf.-15]. In Effron, the plaintiff received a promotional brochure that referenced a Passenger Ticket Contract. The Passage ticket and contract included a 4 page document with a forum-selection clause. Id. at 8. The Second Circuit upheld the forum-selection clause in Effron because "the legal effect of a forum-selection clause depends in the first instance upon whether its existence was reasonably communicated to the plaintiff." Id., quoting Spataro v. Kloster Cruise, Ltd., 894 F.2d 44, 45-46 (2d Cir. 1990). Comparing the cruise ticket to a typical airline ticket, the court held the forum-selection clause was in clear and

7

unambiguous language, albeit in fine print, similar to other passage contracts that had previously been upheld. Id. at 9.

In Effron, the promotional brochure stated 'the passenger's acceptance of the ticket constituted agreement to the terms and conditions' (Id. at 8), this is similar to Starkey's Confirmation Invoice and the Tour and Hotel Service Vouchers that stated:

> confirmation of your reservation means that you have already read, agreed to and understood the terms and conditions, however, you can access them through the below link if you need to refer to them for any reason: http://www.gapadventures.com/media-server/static/documents/pdf/terms-conditions.pdf.

[A-28, A-31, A-32, A34].

Therefore, similar to flipping through a multi-page document in Effron, Starkey merely had to click on a hyperlink to review the Terms and Conditions. [A-28, A-31, A-32]. In this case, G Adventures provided the hyperlink to Starkey more than once. [A-28, A-31, A-32, A-34]. Starkey certified she received the online booking confirmation, invoice, and service vouchers via emails containing the hyperlink to the Terms and Conditions. [R-14]. Starkey further certified to reading or skimming the emails and choosing not to click on the Terms and Conditions link. [R-14]. Just like Fteja v. Facebook, Inc., 841 F. Supp. 2d 829 (S.D.N.Y. 2012), given the online nature of the various electronic confirmations,

merely clicking on a hyperlink to view additional information should be viewed as something that was reasonably made available and reasonably communicated.

Starkey further attempts to distinguish Fteja where Facebook delivered its User Terms and Conditions via hyperlink. Starkey addresses the court's *dicta* regarding "browsewrap" agreements between businesses, but overlooks the fact that this case does not involve a "browsewrap" agreement and Fteja upheld the forum-selection clause available via hyperlink between a business and an individual customer.

The facts of Fteja are practically identical to this matter. In Fteja, the Terms of Use were only visible to the customer via hyperlink, Id., and G Adventures' Terms and Conditions were only visible to Starkey via hyperlink. [A-24 thru A-25; R-14]. Just like the hyperlink sent to Starkey by G Adventures, in Fteja nothing forced the user to examine the terms before assenting. Id. at 838.

In Fteja, the S.D.N.Y. used a most fitting analogy previously used by the Second Circuit in Register.com v. Verio, Inc., 356 F.3d 393 (2d Cir. 2004). The S.D.N.Y. compared the hyperlink in Fteja to a sign placed at a roadside fruit stand. The fruit stand analogy supposes that a sign above a bin of apples reads "By picking up this apple, you consent to the terms of sales by this fruit stand. For those terms, turn over this sign." Fteja, 841 F. Supp. 2d at 839. In Register.com, the Second Circuit asked "what is the difference between a hyperlink and a sign on

9

a bin of apples saying 'Turn Over for Terms' or a cruise ticket saying subject to conditions of contract on last pages." Id.

The fruit stand analogy fits flawlessly within the facts of this matter. Just like the S.D.N.Y. concluded in Fteja, there is "no reason why the outcome should be different because Facebook's Terms of Use appear on another screen rather than another sheet of paper." 841 F. Supp. 2d 839. Here too there is also no reason why the court should view a hyperlink and a piece of paper differently. As the Court recognized, for those to whom the internet is an indispensable part of daily life, simply clicking a hyperlinked phrase is a twenty-first century equivalent of turning over a ticket. In both cases, the consumer is prompted to examine terms of sale that are located somewhere else. Whether or not the consumer bothers to look is irrelevant. Id. at 839.

Further, this matter is also similar to Carnival Cruise Lines v. Shute, 499 U.S. 585, 587 (1991), where the Supreme Court upheld a forum-selection clause printed on the back of a cruise ticket received after the time of purchase. Similar to this case, in Carnival, the customer was prompted to examine the terms of sale located on a separate document. Id. at 587. Also similar to this case, in Carnival Cruise the contract was purely routine and nearly identical to every commercial passage contract issued by most other cruise lines. Id. at 593.

Like the forums in <u>Carnival Cruise</u>, <u>Fteja</u>, and <u>Effron</u>, in this matter there is no indication that setting Canada as the forum to resolve disputes is a means of discouraging pursuit of legitimate claims. Any suggestion of such bad-faith motive is without foundation in the facts or law, and ignores that G Adventures has a principal place of business in Toronto, Ontario, Canada [A-24] and no employee with knowledge of this matter within the United States. [A-26]. Additionally, Starkey failed to even suggest that G Adventures obtained her acknowledgement to the forum clause by fraud or overreaching. Finally, Starkey conceded she was given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity. For these exact reasons the S.D.N.Y., and the Supreme Court in <u>Carnival Cruise</u>, enforced the applicable forum-selection clauses. <u>Id.</u> at 595.

Similar to the plaintiff in <u>Phillips v. Audio Active Ltd.</u>, 494 F.3d 378, 387 (2d Cir. 2007), Starkey is required, rather than just permitted, to bring this action in Canada. Specifically, the contract language in <u>Phillips</u> stated that "any legal proceedings that may arise out of [the agreement] are to be brought in England," <u>Id.</u> at 386, and the Second Circuit enforced the forum-selection clause because it was mandatory and reasonable. G Adventures' booking terms and conditions referenced in the e-mail booking confirmation, confirmation invoice, and service vouchers each included a hyperlink to terms and conditions requiring that all

matters arising from it are subject to Ontario and Canadian Law and the exclusive jurisdiction of the Ontario and Canadian courts.  [A-27 – A-35].

Based upon the referenced law as relied upon by the S.D.N.Y., and other cited case law,  G Adventures respectfully submits that the S.D.N.Y. appropriately decided the case at bar that the forum-selection clause was reasonably communicated to the party resisting enforcement.   [A-42].   In this case, the S.D.N.Y. relied upon the general rule that forum selection clauses are regularly enforced.   Fteja, 841 F. Supp. 2d at 833.   Also, based on similar facts and circumstances to the Terms of Use enforced in Fteja, Starkey received several more notices of the terms and conditions than the user in Fteja.  Starkey received multiple communications and with unlimited opportunities to review the terms and conditions including the forum-selection clause; whereas the forum selection clause upheld in Fteja was within a single communication.  Fteja, 841 F. Supp. 2d at 833.

For these reasons, the S.D.N.Y. found Starkey received reasonable notification of the binding terms and conditions including the forum-selection clause.  In accord to similar cases in this Circuit, the hyperlink sent to Starkey was a reasonable form of communicating terms and conditions of the contract.  Id. at 839.  Accordingly, G Adventures respectfully requests that this Court affirm the March 27, 2014 order and opinion of the S.D.N.Y.

## POINT II

## THIS COURT SHOULD UPHOLD THE DISTRICT COURT'S DISMISSAL BECAUSE STARKEY HAS FAILED TO DEMONSTRATE EXCEPTIONAL CIRCUMSTANCES TO BE RELIEVED FROM HER CONTRACTUAL DUTY.

Once a mandatory choice of forum clause is deemed valid, the burden shifts to the plaintiff to demonstrate exceptional facts explaining why she should be relieved from her contractual duty. Fteja, 841 F. Supp. 2d at 833 quoting Weiss v. Columbia Pictures Television, Inc., 801 F. Supp. 1276, 1278 (S.D.N.Y. 1992). In this matter, the S.D.N.Y. correctly concluded that the "inconvenience that Starkey alleges – namely, traveling to Canada – does not rise to the level of fundamental unfairness necessary to invalidate the forum-selection clause." [A-44]. Starkey failed to sustain her heavy burden to show that G Adventures secured the agreement by fraud or overreaching, or that application of foreign law presents a danger that she would be deprived of any remedy or treated unfairly. [A-43].

Forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Thus, forum-selection clauses contained in form passage contracts are subject to judicial scrutiny for fundamental fairness. Carnival Cruise Lines, 499 U.S. at 595.

The Second Circuit emphasizes that a forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a

13

few hours of air travel. Effron v. Sun Line Cruises, Inc., 67 F.3d 7 (2d Cir. 1995) citing Calavo Growers of California v. Generali Belgium, 632 F.2d 963, 969 (2d Cir.1980) (Newman, J., concurring), cert. denied, 449 U.S. 1084 (1981). In fact, Second Circuit case law holds that mere difficulty and inconvenience is insufficient to establish the unreasonableness of enforcing a forum selection clause. Jalee Consulting Groups, Inc. v. XenoOne, Inc., 908 F.Supp.2d 387, 396 (S.D.N.Y. 2012).

In Effron, the Second Circuit enforced a cruise-ticket's forum-selection clause and held that designation of a foreign court as the forum for adjudication does not change the inconvenience calculus. 67 F.3d 7. Similar to this matter, the cruise-ticket in Effron included a forum-selection clause limiting actions to the court in Athens, Greece. The ticket in Effron contained several pertinent and controlling provisions stating "IMPORTANT NOTICE — READ BEFORE ACCEPTING." Despite this language, Effron preferred the relative comfort of a court in New York or Florida, but the Second Circuit found Effron agreed to have her claim adjudicated in Greece.

Further, "to prevail on fundamental unfairness grounds, plaintiff must show that the application of the foreign law presents a danger that [it] would be deprived of any remedy or treated unfairly." Jalee Consulting Groups, Inc. v. XenoOne, Inc., 908 F. Supp. 2d 387, 397 (S.D.N.Y. 2012); see also [A-43]. In Jalee, the

S.D.N.Y. dismissed the action because the parties contract contained an arbitration and forum selection clause that "any dispute, controversy, or difference which may arise between the parties hereto, out of or in relation to or in connection with this Agreement, or any breach hereof ...shall be finally settled by arbitration in Seoul, Korea according to the laws of [the] Republic of Korea. Id. at 392. The court reasoned that the plaintiff cannot avoid honoring its contractual obligation simply because it would prefer not to. Id. at 397. In Jalee, the S.D.N.Y. concluded that the inconvenience of a New York forum should have been readily apparent to him at the time he entered into the Agreement. Id.

Similar to Jalee and as held in this matter by the S.D.N.Y., G Adventures provided sufficient reasonable notice of the contractual terms and conditions. [A-38 – A-45]. Had Starkey not chosen to ignore the hyperlink, it would have been readily apparent that all matters arising from the contract were within the exclusive jurisdiction of the Ontario and Canadian courts.

This matter is also similar to Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991), where the United State Supreme Court enforced a cruise ticket agreement's forum-selection clause stating that all matters were within the exclusive jurisdiction of Florida. In Carnival, the Shute's purchased their cruise tickets in Arlington, Washington, for a Florida-based cruise line. Id. They boarded a ship in California and cruised to Mexico. While sailing off the coast of

15

Mexico, Ms. Shute injured herself on the ship.  Id.  The Supreme Court found there was no indication that Carnival Cruise Lines set Florida as the forum for resolving disputes as a means of discouraging passengers from pursuing legitimate claims. Id. at 595.

Furthermore, the Supreme Court in Carnival held the forum-selection clause did not take away right to a trial by a court of competent jurisdiction.  Id.  Similar to Carnival, Starkey purchased a tour travel ticket from G Adventures, a Canada-based travel company, for a group tour of the Galapagos Islands.  [A-7, R-13].  The tickets terms and conditions mandate all matters to the exclusive jurisdiction of the Ontario and Canadian courts.  [A-27 – A-35, R-1 – R-11].  .

It is respectfully submitted that Starkey's appeal misrepresents the S.D.N.Y.'s holding in Paisola v. GAP Adventures, Inc., et al, No. 10 Civ. 8920 (PAC) (RLE) (S.D.N.Y. 2012).  Starkey cites Paisola for the proposition that the S.D.N.Y. previously held that the GAP Adventure forum-selection designating Canada was unenforceable.  [App.Bf.-19].  Completely opposite to the facts of this matter, in Paisola the S.D.N.Y. denied a motion to dismiss based upon the sole issue of *forum non conveniens* because there had been no showing that the ticket agreement was ever presented to the purchaser.  Id.  There had been no discovery regarding that issue and the S.D.N.Y. allowed the parties to revisit the issue on summary judgment.  Id.

Unlike Paisola, in this case the S.D.N.Y. recognized and accepted that G Adventures presented the terms and conditions to Starkey several times. [A-22 – A-37]. Further, Starkey certified that she received the agreement and just chose not to click on the link to read the terms. [A-40].

Starkey's appeal attempts to expand upon the factors she asked the S.D.N.Y. to consider when determining whether enforcement would be fundamentally fair. As detailed in the court's March 27, 2014 opinion, Starkey presented two challenges to the enforceability (1) that it would be inconvenient for her to file suit in Canada, and (2) the she may be time-barred by the relevant Canadian statute of limitations. [A-43 & A-44]. The S.D.N.Y. found Starkey's arguments unpersuasive. [A-44/45].

Plaintiff's second argument is moot since she filed a lawsuit against G Adventures Inc. on October 23, 2014, within the two year statute of limitations, in the Ontario Superior Court of Justice. Now, Starkey's enhanced argument includes that the Canadian forum is unreasonable because a Canadian court and its jurors may be biased against an American suing a Canadian company [App.Bf-20]. This new factor presented by Starkey is not supported by credible evidence and was not properly before the S.D.N.Y. in the motion to dismiss. Despite Starkey's last ditch attempt to appeal to this Court's equities, the S.D.N.Y. correctly dismissed Starkey's action and found the Canadian forum-selection is fundamentally fair.

17

## <u>CONCLUSION</u>

For the reasons detailed above and those set forth in the District Court's March 27, 2014 Opinion, we respectfully request that this Court affirm the District Court's Judgment dated March 28, 2014.

**HUESTON McNULTY, P.C.**
256 Columbia Turnpike, Suite 207
Florham Park, New Jersey 07932
(973) 377-0200
Attorneys for Defendant,
G Adventures Inc.

By: /s/ John F. Gaffney
        John F. Gaffney, Esq.

Dated:  November 3, 2014
Florham Park, New Jersey

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 3rd day of November, 2014, I caused this Brief of Appellee to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Elliot Pasik
LAW OFFICE OF GERALD P. GROSS
366 Pearshall Avenue, Suite 5
Cedarhurst, New York  11561
(516) 371-2800

*Counsel for Appellant*

I further certify that on this 3rd day of November, 2014, I caused the required number of bound copies of the Brief of Appellee to be filed with the Clerk of the Court via UPS Next Day Air.

/s/ John F. Gaffney
*Counsel for Appellee*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*3,748*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>November 3, 2014</u>          <u>/s/ John F. Gaffney          </u>
                                        *Counsel for Appellee*